UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAMION SMITH,

    Plaintiff,

v.                                         Case No.:  2:23-cv-197-SPC-KCD

AQUATECH DEWATERING AND
PUMPING TECHNOLOGIES,

    Defendant.
_____/

## **ORDER**

Defendant Aquatech Dewatering & Pumping Technologies moves to extend the current discovery deadline and compel Plaintiff Damion Smith to appear for his deposition. (Doc. 45.)[1] Plaintiff is willing to be deposed. But he requests that the proceeding occur "via Zoom." (Doc. 46 at 5.)[2]

Federal Rule of Civil Procedure 30(a)(1) vests a litigant with the right to depose witnesses, including an opposing party, as a means of discovery. The Federal Rules, however, do not require the deposition to occur at a particular location. Instead, that decision is left to the party taking the deposition. *See* Fed. R. Civ. P. 30(b)(1) ("A party who wants to depose a person by oral

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

[2] Plaintiff's response brief is not paginated. The Court thus refers to the page numbers generated by its electronic filing system.

questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address."); *see also Brasfield v. Source Broadband Servs., LLC*, 255 F.R.D. 447, 449 (W.D. Tenn. 2008) ("Under the Federal Rules of Civil Procedure, the location of a deposition is initially selected by the party noticing the deposition.").

The Federal Rules also give district courts authority to order that depositions occur remotely. Rule 30(b)(4) provides: "The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." "[C]ourts enjoy broad discretion to control and to place appropriate limits on discovery, which includes authorizing depositions to be taken by remote means." *Graham v. Ocwen Loan Servicing, LLC*, No. 16-80011-CIV, 2016 WL 7443288, at *1 (S.D. Fla. July 1, 2016).

Defendant looks to depose Plaintiff in-person and not remotely. This method is demanded because Defendant "anticipates questioning Plaintiff regarding numerous exhibits, which is best done at an in-person deposition." (Doc. 45 at 6.) Defendant also encountered issues during the remote mediation—"The conditions experienced during the Zoom mediation, which included technical issues related to connectivity and picture/sound quality as well as the presence of persons not party to this litigation, nonparties, would not be conducive to and would hamper the deposition of Plaintiff." (*Id.*)

An "in[-]person deposition is generally superior," *DeepGulf, Inc. v. Moszkowski*, 330 F.R.D. 600, 611 (N.D. Fla. 2019), and Plaintiff must establish good cause to "order [that his] deposition be taken . . . by alternative means." *Brand Q, Inc. v. Jung GMBH Ltd. Liab. Co.*, No. 22-80769-CIV, 2022 WL 17324238, at *3 (S.D. Fla. Nov. 29, 2022). Good cause has not been shown here. Plaintiff first cites transportation issues because his car was stolen. But the Court will be extending discovery by another four weeks, which will allow ample time to arrange transportation. Plaintiff also claims "safety concerns" because of ongoing litigation with the government officials in Port Saint Lucie. But he fails to explain how an in-person deposition at a private court report's office will jeopardize his safety.

Accordingly, Defendant's motion (Doc. 45) is **GRANTED** as set forth below:

1. The discovery deadline is extended to July 31, 2024. A new case management order will follow.

2. The parties must coordinate a date and time for Plainitff's in-person deposition to occur by the deadline above.[3]

---

[3] If a motion to compel "is granted . . . the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). Defendant does not ask for expenses. Nor has it provided any documentation to issue such an award. So the Court cannot order expenses at this time. *See, e.g., CMR Constr. & Roofing, LLC v. ASI Preferred Ins. Corp.*, No. 219CV442FTM29MRM, 2020 WL 9172016, at *3 (M.D. Fla. May 1, 2020).

**ORDERED** in Fort Myers, Florida on July 3, 2024.

*[signature]*

Kyle C. Dudek
United States Magistrate Judge